# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CT-01580-SCT

*JOSEPH LEON JACKSON, JR.*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2005 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | IMHOTEP ALKEBU-LAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JACOB RAY |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/27/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY[1]

¶1.     Joseph Leon Jackson, Jr. pleaded guilty to armed robbery and aggravated assault on

October 17, 2001.[2]  A jury was empaneled and returned a sentence of life imprisonment for

---

[1]  The facts and the procedural history are taken from the Court of Appeals' opinion. ***Jackson v. State***, 2007 Miss. App. LEXIS 3, 1-3 (Miss. Ct. App. 2007).

[2] On appeal, Jackson assigns as error the life sentence imposed for the armed robbery conviction.  Jackson does assign error as to the aggravated assault conviction and sentence.

Jackson in the custody of the Mississippi Department of Corrections. Jackson appealed the judgment to this Court, whereupon it was assigned to the Mississippi Court of Appeals. The Court of Appeals dismissed the case on September 9, 2003. This Court further denied Jackson's writ of certiorari on July 29, 2004.

¶2. Jackson then filed a petition for post-conviction relief (PCR), which the trial court denied on July 29, 2005. The court found that Jackson was procedurally barred from bringing his claim pursuant to Mississippi Code Annotated Section 99-39-5(2) (Supp. 2006).

¶3. Jackson sought post-conviction relief from this Court, which again assigned the appeal to the Court of Appeals. Aggrieved by the Court of Appeals' decision, Jackson filed a petition for certiorari, which this Court granted. On certiorari, we address the following assignments of error:

> **I. WHETHER THE TRIAL COURT ERRED BY HOLDING THAT JACKSON'S PETITION FOR POST-CONVICTION RELIEF WAS BARRED BY THE STATUTE OF LIMITATIONS.**
>
> **II. WHETHER THE TRIAL COURT ERRED BY RULING THAT JACKSON'S CLAIM FAILED ON THE MERITS.**

**FACTS**

¶4. On July 14, 2001, Jackson, along with two others, robbed the Piggly Wiggly in Winona, Mississippi, at gunpoint. The group stole more than $1,000 in cash. During the robbery, Jackson shot and wounded a Piggly Wiggly employee. Jackson was arrested and charged with armed robbery and aggravated assault. Jackson pleaded guilty to both charges,

2

thereby waiving his right to a trial by jury. The court found that Jackson's guilty pleas were made voluntarily, freely, and knowingly, and accepted the pleas.

¶5. A jury was empaneled to determine Jackson's sentence on October 18, 2001. The jury returned a verdict, sentencing Jackson to life imprisonment in the custody of the Mississippi Department of Corrections. After filing an appeal which was dismissed, Jackson filed a PCR petition in the Circuit Court of Montgomery County on July 19, 2005. The trial court denied Jackson's petition, finding that the claims were time-barred by the three-year statute of limitations and that the claims also did not meet any of the exceptions listed under the statute. Miss. Code Ann. § 99-39-5(2) (Rev. 2007). The trial court further considered the merits of Jackson's claim, finding that Jackson's sentence was indeed proper and that he was not denied effective assistance of counsel.

## DISCUSSION

¶6. On post-conviction relief, we will not disturb the trial court's findings unless they are found to be clearly erroneous. *Brown v. State*, 731 So. 2d 595, 598 (Miss. 1999). However, if questions of law are raised, then the applicable standard of review is *de novo*. *Id*. "The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." *Reynolds v. State*, 585 So. 2d 753, 756 (Miss. 1991) (citing *Reed v. State*, 536 So. 2d 1336, 1339 (Miss. 1988)); *Boyington v. State*, 389 So. 2d 485 (Miss. 1980).

## I. STATUTE OF LIMITATIONS.

3

¶7.     Jackson's judgment of conviction for armed robbery was entered in October 2001.[3]

Jackson filed his petition for post-conviction relief on July 19, 2005. Generally, Mississippi

Code Annotated Section 99-39-5(2) provides a three-year statute of limitations for filing a

petition for post-conviction relief. Mississippi Code Annotated Section 99-39-5(1)-(2)

provides:

> (1)  Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:
>
>> (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
>>
>> (b) That the trial court was without jurisdiction to impose sentence;
>>
>> (c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
>>
>> (d) That the sentence exceeds the maximum authorized by law;
>>
>> (e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
>>
>> (f) That his plea was made involuntarily;
>>
>> (g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
>>
>> (h) That he is entitled to an out-of-time appeal; or

---

[3]     Jackson pleaded guilty before the Circuit Court of Montgomery County, Mississippi, on October 17, 2001.

(I) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy; may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.

(2) A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(1) (Rev. 2007).

¶8.     In *Lockett v. State*, 614 So. 2d 888, 893 (Miss. 1992), this Court stated that "[t]he petitioner carries the burden of demonstrating that his claim is not procedurally barred." (Citing Miss. Code Ann. § 99-39-21(6) (Supp. 1991); *Cabello v. State*, 524 So. 2d 313, 320 (Miss. 1988)). "However, 'an alleged error should be reviewed, in spite of any procedural bar, only where the claim is so novel that it has not previously been litigated, or, perhaps, where an appellate court has suddenly reversed itself on an issue previously thought settled.'" *Lockett*, 614 So. 2d at 893 (quoting *Irving v. State*, 498 So. 2d 305, 311 (Miss. 1986)).

5

¶9.    In ***Chancy v. State***, 938 So. 2d 251, 253 (Miss. 2006), this Court held that in the case of newly discovered evidence, post-conviction relief is available even where an individual pleaded guilty and untimely filed the petition for post-conviction relief, stating:

> In ***Bell v. State***, 759 So. 2d 1111 (Miss. 1999), we granted an evidentiary hearing on the basis of newly discovered evidence even though Bell, who had pled guilty, had not timely filed his PCR petition. The Court of Appeals itself also recognized the newly discovered evidence exception in the context of guilty pleas in the following cases: ***Gaston v. State***, 922 So. 2d 841 (Miss. Ct. App. 2006); ***Sykes v. State***, 919 So. 2d 1064 (Miss. Ct. App. 2005); ***Garlotte v. State***, 915 So. 2d 460 (Miss. Ct. App. 2005); ***Freshwater v. State***, 914 So. 2d 328 (Miss. Ct. App. 2005); ***McGriggs v. State***, 877 So. 2d 447 (Miss. Ct. App. 2003); ***Donnelly v. State***, 841 So. 2d 207 (Miss. Ct. App. 2003); ***Wright v. State***, 821 So. 2d 141 (Miss. Ct. App. 2000).

¶10.    On writ of certiorari, Jackson argues that the trial court did not have legal authority to have him tried by a jury on sentencing after it accepted Jackson's guilty plea to armed robbery. Jackson asserts that the trial court should have imposed the sentence after accepting his plea of guilty, rather than allowing a jury to determine the appropriate sentence. The State argues that the trial court did not have authority to sentence Jackson to a life sentence and only a jury possessed such authority, pursuant to Mississippi Code Annotated Section 97-3-79; therefore, the trial court empaneled a jury to determine sentencing after the

trial court accepted Jackson's plea of guilty.[4] The trial court denied Jackson's petition for post-conviction relief, finding it was untimely filed and barred by the statute of limitations.

¶11. If the trial court did not have authority to empanel a jury for sentencing in a non-death penalty capital case, then Jackson' s failure to timely raise the illegal sentence and failure to object to the sentencing procedure would not render this assignment of error procedurally barred by the statute of limitations. In *Ivy v. State*, 731 So. 2d 601, 602 (Miss. 1999), we stated, "[a]lthough, the Appellant filed his petition ten (10) years after the applicable statute of limitations had expired, petitions alleging an illegal sentence are not subject to the time bar." *See Twillie v. State*, 892 So. 2d 187, 191 (Miss. 2004) ("Twillie was asserting that he received an illegal sentence – a claim which could not be procedurally barred").

¶12. We find that Jackson's petition for post-conviction relief was not untimely filed, as Jackson asserted that he received an illegal sentence.

## II. MERIT OF JACKSON'S POST-CONVICTION CLAIM.

---

[4] Mississippi Code Annotated Section 97-3-79 (Rev. 2006) provides:

Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, *shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury*; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

(Emphasis added).

¶13. In *Taggart v. State*, 957 So. 2d 981, 991 (Miss. 2007), the Court stated:

> Other than the death penalty statutory sentencing scheme in capital murder
> cases, there are three instances in which a jury in Mississippi may impose the
> sentence upon finding a defendant guilty of a felony criminal offense. Those
> instances are where the jury has found the defendant guilty of kidnapping
> (Miss. Code Ann. § 97-3-53 (Rev. 2006)), rape (Miss. Code Ann. §
> 97-3-65(4)(a) (Rev. 2006)), and/or armed robbery (Miss. Code Ann. § 97-3-79
> (Rev. 2006)).

¶14. In his petition for post-conviction relief, Jackson argues that he received ineffective assistance of counsel. After Jackson pleaded guilty to armed robbery, the trial court empaneled a jury to determine his sentence, without objection from Jackson's attorney. Jackson asserts that the authority to impose sentence rested solely in the control of the trial court after the trial court accepted his guilty plea.

¶15. The trial court found Jackson's petition for post-conviction relief to be without merit, stating:

> [T]here was nothing improper about the procedure that was followed when
> Jackson plead guilty and a jury was impaneled to consider whether he should
> be sentenced to life imprisonment. Jackson's counsel was therefore not
> deficient in failing to object to a procedure that was permissible.

¶16. This Court has never specifically addressed the question of whether the trial court can empanel a jury to affix the penalty of life imprisonment after accepting a guilty plea in an armed robbery case. As such, in order to determine whether the trial court had authority to empanel a jury to determine Jackson's sentence after accepting his guilty plea, we must look at Rule 10.04 of the Uniform Rules of Circuit and County Court Practice. Rule 10.04(B)

8

outlines the procedure for bifurcated trials in criminal cases not involving the death penalty,

and we quote this rule here, verbatim:

> In all cases ***not involving the death penalty***, ***wherein the jury may impose life sentence, the court may conduct a bifurcated trial.*** If the defendant is found guilty of an offense for which life imprisonment may be imposed, a sentencing trial shall be held before the same jury, if possible, or before the court if jury waiver is allowed by the court.
>
> At the sentencing hearing:
>
> > 1. The state may introduce evidence of aggravation of the offense of which the defendant has been adjudged guilty.
> >
> > 2. The defendant may introduce any evidence of extenuation or mitigation.
> >
> > 3. The state may introduce evidence in rebuttal of the evidence of the defendant.
> >
> > 4. A record shall be made of the above proceeding and shall be maintained in the office of the clerk of the trial court as a part of the record in that court.

(Emphasis added).

¶17.   Based on the plain language of Rule 10.04(B), which applies in non-death penalty criminal cases, we find nothing which prohibited the trial court from ordering a bifurcated, jury trial for sentencing after accepting Jackson's guilty plea. Nothing in Rule 10.04 distinguishes the use of the bifurcated sentencing by a jury after a plea of guilty as opposed to a jury determination of guilt. As such, they should be treated the same. Rule 10.04(B) states that the trial court ***may*** bifurcate the guilt and sentencing phase. This discretion rests in the trial court.

9

¶18.    In ***Duncan v. State***, 939 So. 2d 772, 782 (Miss. 2006), we addressed bifurcation in the context of armed robbery. "Strictly construing the criminal statute at issue, Miss. Code Ann. § 97-3-79, provides that it is within the jury's discretion to fix the sentence for armed robbery at life imprisonment." ***Id***. In ***Duncan***, 939 So. 2d at 782, we held that the decision whether or not to order a bifurcated trial rests within the trial court's discretion, stating:

> Rule 10.04(B) of the Uniform Rules of Circuit and County Court Practice clearly states that the decision whether or not to order a bifurcated trial rests within the trial court's discretion in its use of the discretionary word "may." Rule 10.04(B) provides: In all cases not involving the death penalty, wherein the jury may impose life sentence, **the court *may conduct* a bifurcated trial**. If the defendant is found guilty of an offense for which life imprisonment may be imposed, a sentencing trial shall be held before the same jury, if possible, or before the court if jury waiver is allowed by the court. U.C.C.C.R. 10.04(B). (Emphasis added).

¶19.    Since the decision of whether or not to order a bifurcated trial clearly rests within the trial court's discretion pursuant to Rule 10.04(B) of the Uniform Rules of Circuit and County Court Practice, the question that needs to be examined is whether Jackson, ***before*** pleading guilty, was aware that the trial court was going to empanel a jury to determine sentencing. It is clear that Jackson pleaded guilty after being made aware that the trial court did not have authority to sentence him to life, so a jury would be empaneled to determine whether he should be sentenced to life. The record in the case sub judice also reflects that the trial court expressly informed Jackson of the charges against him; the consequences of his guilty plea, including the minimum and maximum penalties in sentencing; and the implications of waiving his right to trial by jury, right to confront adverse witnesses, and right to protection against self-incrimination.

10

¶20. Here, the record demonstrates that Jackson was made fully aware of the sentencing hearing and that a jury could return a life sentence for Jackson, pursuant to the armed robbery statute. Jackson voiced no objection and indicated that he understood the proceedings. The State was unwilling to offer Jackson a plea bargain or make a sentencing recommendation to the trial court. As to the bifurcation of the sentencing, the transcript of the guilty plea proceeding provides, in pertinent part:

**Court**: Now, Mr. Jackson, for the crime of armed of armed robbery, the maximum penalty is life imprisonment. A jury must decide – and the minimum sentence is three years. So you could be sentenced anywhere from three years in the custody of the Mississippi Department of Corrections to a maximum of life imprisonment if a jury so found that you deserved life imprisonment. Do you understand that?

**Jackson**: Yes, sir.

**Court**: Now, if it was just the Court making that determination, I could impose any sentence less than life; but only a jury can decide whether you should receive life in prison or not. In Cause No. 2001-0074, the armed robbery and aggravated assault charge, it's my understanding now that you are waiving the right to a jury trial to decide your guilt or innocence, ***but a jury will be determining whether you should be sentenced to life imprisonment or not.*** Do you understand that –

**Jackson**: Yes, sir.

**Court**: – to be the case?

**Jackson**: Yes, sir.

**Court**: And so tomorrow, we will have a trial and that jury will be deciding one thing: They will be deciding whether you should be sentenced to life imprisonment or whether the Court should impose sentence instead of the jury. Do you understand that?

11

**Jackson**: Yes, sir.

**Court**: But do you understand if the jury finds that the Court should make that determination instead of the jury, then this Court can impose any sentence they (sic) choose to do so less than life imprisonment. Do you understand that?

**Jackson**: Yes, sir.

¶21. The record is clear that Jackson was informed by the trial court that a jury could return a life sentence against him, pursuant to the armed robbery statute. Jackson responded that he understood and did not object to a jury assessing his penalty. Jackson's post-conviction claim that he had not been properly advised of the consequence of a guilty plea is without merit.

¶22. Considering the merits of Jackson's petition for post-conviction relief, we find that the trial court did not err in denying Jackson's petition for post-conviction relief. This Court's decision is based on the facts of this case. The record clearly demonstrates that during the plea colloquy Jackson was fully advised and informed as to the sentencing hearing and the fact that a jury could return a life sentence pursuant to the armed robbery statute. Jackson's counsel was not deficient by failing to object to a sentencing procedure that was acceptable. Accordingly, we affirm the judgment of the trial court.

### CONCLUSION

¶23. For the reasons stated above, the judgment of the Court of Appeals is affirmed, and the judgment of the Circuit Court of Montgomery County to deny Joseph Leon Jackson, Jr.'s post-conviction relief is affirmed.

12

¶24.    **AFFIRMED.**

   **SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**