ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. On January 9, 2006, Christopher LaShawn Harris was indicted for possession of cocaine pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2005). In the indictment, Harris was charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) and as a second or subsequent offender of the Uniform Controlled Substances Law under Mississippi Code Annotated section 41-29-147 (Rev.2005). On April 17, 2006, Harris pled guilty in the Circuit Court of Oktibbeha County. However, pursuant to a plea bargain agreement, prior to Harris’s plea, the State made an ore tenus motion to amend the indictment. Defense counsel did not object.
 

 ¶2. First, the State requested that the amount of cocaine Harris possessed be changed in the indictment by striking the phrase “greater than .1 grams but less than 2 grams” and replacing it with the phrase “greater than 2 grams but less than 10 grams.” Second, the State requested that one of Harris’s two listed prior drug-related convictions be struck, thereby removing the possibility of conviction as a habitual offender. The State’s motion was granted, and Harris’s indictment was amended.
 

 ¶ 3. Immediately after this exchange, Harris pled guilty to possession of more than two grams but less than ten grams of cocaine. The trial court accepted Harris’s plea once it was satisfied that it was voluntarily and intelligently given. Pursuant to the plea agreement, the State recommended a term of imprisonment of sixteen years followed by five years of post-release supervision.
 
 [1]
 
 The trial court sentenced Harris to the State’s recommendation.
 

 ¶ 4. On March 1, 2007, Harris filed a “motion for post[-]conviction relief to vacate and set aside conviction and sentence” with the Circuit Court of Oktibbeha County. In his motion, Harris argued that: (1) his plea was not intelligently and voluntarily given, (2) his indictment was erroneously amended, (3) his indictment failed to conform to the requirements of Mississippi
 
 *1129
 
 Uniform Rule of Circuit and County Court 7.06, and (4) he received ineffective assistance of counsel. The trial court found Harris’s motion to be without merit and summarily denied it. Harris now appeals from the trial court’s denial and raises the same issues. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶5. In terms of a grant or denial of a motion for post-conviction collateral relief, a trial court’s factual findings will not be disturbed unless they are found to be clearly erroneous.
 
 Jackson v. State,
 
 965 So.2d 686, 688(¶ 6) (Miss.2007). Questions of law, however, are reviewed de novo.
 
 Id.
 
 Finally, if the sentence imposed by a trial court is within the statutory limits, the sentence will not be reviewed on appeal.
 
 Id.
 
 (quoting
 
 Reynolds v. State,
 
 585 So.2d 753, 756 (Miss.1991)).
 

 ANALYSIS
 

 ¶ 6. In accordance with Mississippi Code Annotated section 99-39-11 (Rev.2007), the trial court found that Harris’s motion lacked merit and denied it without the benefit of an evidentiary hearing. Harris claims the trial court erred in denying his motion, and he argues that this Court should reverse his conviction or, in the alternative, remand his case to the trial court for an evidentiary hearing. Harris reiterates the following issues in support of his claim of error.
 

 I. WHETHER HARRIS’S GUILTY PLEA WAS FREELY, VOLUNTARILY, AND INTELLIGENTLY GIVEN.
 

 ¶ 7. A plea of guilty is binding on a defendant only if it is entered voluntarily and intelligently.
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991). A guilty plea is voluntarily and intelligently entered when a defendant is fully informed of the charges against him and the consequences of his plea.
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992);
 
 Vittitoe v. State,
 
 556 So.2d 1062, 1064 (Miss.1990). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront and cross-examine adverse witnesses, and the right to protection against self-incrimination. URCCC 8.04(A)(4)(c). “A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.” URCCC 8.04(A)(3). Finally, the trial court must ensure that there is a factual basis for a defendant’s guilty plea.
 
 Id.
 

 ¶ 8. Harris claims his guilty plea was not voluntarily and intelligently entered because (1) there is no factual basis in the record for his plea, (2) he did not know his indictment was amended, and (3) he was not informed of his right to appeal the sentence imposed. We will address each basis in turn.
 

 A. Whether there is a factual basis for Harris’s plea of guilty.
 

 B. Whether Harris knew he was pleading guilty to possession of more than two grams but less than ten grams of cocaine.
 

 ¶ 9. Mississippi Code Annotated section 41-29-139(c) (Rev.2005) makes it “unlawful for any person knowingly or intentionally to possess any controlled substance .... ” Cocaine is a schedule II controlled substance. Miss.Code Ann. § 41-29-115(A)(a)(4) (Rev.2005). Harris simply argues that “[t]here was no admission by [him] that he knowingly possessed greater than 2 grams [but] less than 10 grams of cocaine.... ”
 

 ¶ 10. In his “petition to enter a plea of guilty” Harris stated that he “wishfed] to plead GUILTY to the charge(s) of
 
 possession of controlled substance cocaine 5.67 grams enhanced.”
 
 (Italicized portion
 
 *1130
 
 handwritten.) Harris’s petition also stated, “I plead ‘GUILTY’ and request the Court to accept my plea of ‘GUILTY and to have entered my plea of ‘GUILTY’ on the basis of (state involvement in crime)
 
 I committed the offense alleged in the indictment.”
 
 (Italicized portion handwritten). Harris’s amended indictment stated, in pertinent part, that Harris “on or about the 15th day of October, 2005, in the County aforesaid, did unlawfully, willfully, and feloniously, knowingly and intentionally possess a controlled substance, to-wit: COCAINE in an amount greater than 2 grams but less than 10 grams, in violation of MCA § 41-29-139.”
 

 ¶ 11. Additionally, the following exchange took place during Harris’s plea colloquy:
 

 THE COURT: Now, Mr. Harris, you understand that you’re charged now by the indictment based upon the event of possession of cocaine more than two grams but less than ten grams as a second drug offender?
 

 HARRIS: Yes.
 

 THE COURT: Have you gone over a petition to enter a guilty plea with your attorney concerning that charge?
 

 HARRIS: Yes.
 

 THE COURT: At this time, how do you wish to plead to possession more than two grams but less than ten as a second drug offender?
 

 HARRIS: Guilty.
 

 [[Image here]]
 

 THE COURT: The indictment alleges that on or about October the 15th of 2005 in Oktibbeha County, you possessed cocaine, as [sic] amended that’s an amount more than two grams but less than ten grams. Are you guilty of doing that?
 

 HARRIS: Yes, sir.
 

 ¶ 12. The trial court found Harris’s claims regarding the lack of a factual basis for his guilty plea and ignorance of the indictment’s amendment to be without merit. Based upon Harris’s assertions within his petition, and during his plea hearing, we cannot say that the trial court erred. This issue is without merit.
 
 [2]
 

 C. Whether Harris’s guilty plea was involuntary as a result of Harris not being informed of his ability to appeal his sentence.
 

 ¶ 13. Harris next argues that his plea was not voluntarily and intelligently entered because the trial court did not inform him that he had the right to a direct appeal of his sentence. He cites
 
 Trotter v. State,
 
 554 So.2d 313 (Miss.1989) in support of his claim; however, Harris’s reliance on
 
 Trotter
 
 is misplaced.
 

 ¶ 14. Mississippi Code Annotated section 99-35-101 (Rev.2007) provides that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.” Nevertheless, while a conviction from a plea of guilty may not be directly appealed, a defendant may directly appeal the sentence
 
 *1131
 
 given as a result of that plea.
 
 Trotter,
 
 554 So.2d at 315.
 
 [3]
 
 However, a trial court is not required to inform a defendant who pleads guilty of his right to appeal the resultant sentence.
 
 Coleman v. State,
 
 979 So.2d 731, 733(¶ 6) (Miss.Ct.App.2008). Thus, this issue is without merit.
 

 II. WHETHER HARRIS’S INDICTMENT WAS LEGALLY SUFFICIENT.
 

 ¶ 15. Uniform Rule of Circuit and County Court 7.06 requires that an indictment contain certain information necessary to give a defendant notice of the specific charges against him. One such item required is “[t]he county and judicial district in which the indictment is brought.” URCCC 7.06(4). Harris claims that his indictment was legally insufficient, alleging that it “failed to set forth the judicial district in which the indictment [was] brought.... ” Therefore, he argues the trial court lacked jurisdiction to accept his guilty plea.
 

 ¶ 16. Harris’s indictment began by listing the crime for which he was being charged, the phrases “THE STATE OF MISSISSIPPI,” “CIRCUIT COURT,” and “OKTIBBEHA COUNTY,” and detailed the specifics of his alleged criminal activity. Finally, it listed the pertinent information regarding two previous convictions for possession of cocaine. We find that this more than satisfies the requirements of Rule 7.06 concerning a listing of the county and judicial district in which an indictment is brought. This issue is without merit.
 

 III. WHETHER HARRIS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
 

 ¶ 17. Harris claims that his trial counsel was ineffective in a constitutional sense because his trial counsel did not raise the issues before the trial court that Harris now raises on appeal. In order to succeed .on a claim of ineffective assistance of counsel, a defendant must overcome the familiar two-prong inquiry established in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must first demonstrate that his attorney’s “representation fell below an objective standard of reasonableness.”
 
 Hannah v. State,
 
 943 So.2d 20, 24(¶ 6) (Miss.2006) (citing
 
 Strickland,
 
 466 U.S. at 687-88, 104 S.Ct. 2052). If the defendant overcomes the first hurdle, “the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 (citing
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052).
 

 ¶ 18. As discussed above, we have found no merit to any of the issues Harris raised on appeal. Therefore, we cannot say that Harris’s trial counsel was deficient in failing to raise the same issues as error in the trial court. Therefore, this .issue is without merit.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . The State's recommended sentence was to run consecutively to a sentence stemming from the revocation of Harris’s post-release supervision from a previous conviction.
 

 [2]
 

 . It is unclear from Harris’s brief whether he also challenges the legality of the State’s amendment of his indictment from one weight range to another. However, in an effort to address every issue raised or attempted to be raised, we note that the weight involved in a charge of possession of cocaine only affects the penalty imposed, not the crime itself.
 
 Oby v. State,
 
 827 So.2d 731, 735(¶ 16) (Miss.Ct.App.2002). Therefore, a change in the amount/weight of cocaine allegedly possessed is not a substantive change to which the grand jury must be privy to in order to alter it in the indictment.
 
 Kittler v. State,
 
 830 So.2d 1258, 1259-60(116) (Miss.Ct. App.2002).
 

 [3]
 

 . As of July 1, 2008, an amended section 99-35-101 reads, "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.”