LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Albert Edmond was convicted of forcible rape in Hinds County in 1974 and was sentenced to life imprisonment. The Mississippi Supreme Court affirmed his conviction in Edmond v. State, 312 So.2d 702, 706 (Miss.1975). Although Edmond had been released on parole, his parole was revoked in 1982. Edmond filed his first petition for post-conviction relief (PCR) in June 2000, which the trial court denied. This Court affirmed the trial court’s decision in Edmond v. State, 845 So.2d 701, 702 (¶1) (Miss.Ct.App.2003), finding Edmond’s petition for PCR was time-barred.
¶ 2. Edmond filed another petition for PCR on May 31, 2011. The trial court dismissed the petition, finding it time-barred and without merit. Edmond now appeals, asserting that the time-bar did not apply and that his indictment was defective.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a petition for PCR, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
¶ 4. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), if the petitioner filed a direct appeal, he must move for relief “within three (3) years after the time in which [his] direct appeal is ruled upon....” Miss.Code Ann. § 99-39-5(2) (Supp.2012). Edmond was convicted in 1974, which was well before the UPCCRA was enacted on April 17, 1984. Odom v. State, 483 So.2d 343, 344 (Miss. 1986). “Individuals convicted prior to April 17, 1984, ha[d] three (3) years from April 17, 1984, to file their petition for post[-]conviction relief.” Id. Therefore, Edmond had until April 17,1987, to file his PCR petition. Edmond did not file his petition until well after the statute of limitations had run. Thus, Edmond’s petition is time-barred, and we find no exception to this bar applies. See Miss.Code Ann. § 99-39-5(2)(a)-(b).
¶ 5. Edmond’s petition is also barred as a successive writ, and he has asserted no exceptions to this bar. See Miss.Code Ann. § 99-39-23(6) (Supp.2012); Edmond, 845 So.2d at 702 (¶ 1).
¶ 6. Although Edmond’s petition is procedurally barred, if the errors asserted affect his fundamental constitutional rights, those errors are excepted from the procedural bars. Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). Edmond argues his indictment was defective because it failed to cite the appropriate statute. The indictment simply states Edmond “did wilfully, unlawfully, feloniously and forcibly rape and ravish [the victim[1]], *357 a female above the age of twelve years, without the consent and against the will of [the victim].” Edmund was clearly notified of the crime charged; thus, we find no exception to the procedural bar. See Weaver v. State, 497 So.2d 1089, 1092 (Miss.1986) (lack of statute number in indictment not fatal if defendant can fairly ascertain which statute he was being charged under).
¶ 7. Edmond also argues that the indictment was not endorsed a true bill, was forged, and did not have a sworn affidavit by the grand-jury foreman attached. However, we find no exception to the procedural bar. These issues are without merit.
¶ 8. We note an additional reason the trial court’s dismissal of the PCR petition was correct. Since Edmond’s conviction was affirmed on appeal, he was required to seek permission from the Mississippi Supreme Court to file his PCR petition in the trial court. See Miss.Code Ann. § 99-39-7 (Supp.2012). A supreme court order dated March 9, 2011, states Edmond’s “application for leave to seek post-conviction relief ... is hereby dismissed without prejudice to be filed in the trial court.” In the March 9 order, the supreme court stated the reason for dismissal was that Edmond had not directly appealed his conviction; however, as previously stated, Edmond did directly appeal his conviction. With the utmost respect, it appears this order was entered erroneously. The supreme court denied Edmond’s motion for reconsideration on April 27, 2011. Although Edmond has filed numerous motions over the years, the PCR petition this Court is reviewing on appeal was filed May 31, 2011. It seems Edmond misunderstood the supreme court’s order of March 9, stating in his brief “he had gotten direction” from the supreme court to proceed.
¶ 9. For reasons unknown, Edmond later filed another application for leave to file his PCR petition in the trial court. However, the latest supreme court order, dated May 16, 2012, dismissed Edmond’s application for leave to proceed in the trial court and stated: “Edmond’s conviction was affirmed by [the supreme court] in 1975[,] and ... the present application meets no exception to the statutory time[-]bar.” In other words, the supreme court’s latest order denied Edmond permission to file the very PCR petition now on appeal. As previously stated, proper leave to proceed from the supreme court is a jurisdictional prerequisite for the filing of a PCR petition in the trial court for petitioners such as Edmond.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The Court of Appeals declines to identify victims of sexual crimes.