IRVING, P.J.,
for the Court:
¶ 1. Albert Edmond appeals the Hinds County Circuit Court’s denial of his motion for post-conviction relief (PCR). Edmond argues that an intervening decision exempts his PCR motion from the time and successive-writ bars and that the circuit court unlawfully revoked his parole.
¶ 2. Finding that the circuit court lacked jurisdiction to consider Edmond’s PCR motion, we vacate the circuit court’s judgment and dismiss this appeal.
FACTS
¶ 3. On March 7, 1974, a Hinds County jury found Edmond guilty of forcible rape. The circuit court sentenced Edmond to life imprisonment. The Mississippi Supreme Court affirmed Edmond’s conviction and sentence. Edmond v. State, 312 So.2d 702, 706 (Miss.1975). On June 16, 1982, Edmond was released on conditional parole. One of the conditions of Edmond’s parole was that he would “live and remain at liberty without violating the law.” According to a parole-violation report issued by Edmond’s parole field supervisor, on July 1,1982, Edmond
entered the home of Bernice Rivers ... by taking the screen off the bathroom window at 5:00 a.m. Records further reflect[ ] that the defendant!,] dressed in only a tee shirt[,] grabbed ... [an eighteen-year-old female] and attempted to pull her clothes off. Records further indicated that [the eighteen-year-old female] turned the light on[,] ... hit the defendant!,] and ran out the room.
¶ 4. The Cleveland Police Department arrested Edmond on July 3, 1982, and charged him with breaking and entering an occupied dwelling. Instead of standing trial for breaking and entering an occupied dwelling, Edmond pleaded guilty to a reduced charge of malicious trespassing and received a sentence of six days in jail. The Mississippi Department of Corrections (MDOC) issued a retake warrant, and Edmond signed a “waiver of [the] right to [a] preliminary parole[-]revocation hearing.” On August 2, 1982, MDOC held a parole-revocation hearing, after which the Probation and Parole Board revoked Edmond’s parole.
¶ 5. In 1999, Edmond filed a petition for a writ of habeas corpus in the Greene County Circuit Court, alleging that MDOC unlawfully revoked his parole by not affording him the proper revocation proce *60 dure, which the court denied without an evidentiary hearing. Edmond v. Miss. Dep’t of Corr., 783 So.2d 675, 676 (¶ 1) (Miss.2001). Edmond appealed, and our supreme court reversed the circuit court’s judgment and remanded the case for a determination of whether Edmond received a proper parole-revocation hearing. Id.
¶ 6. On remand, the Circuit Court of Sunflower County[1] found that “[Edmond] did in fact violate the terms of his parole by being convicted in the Justice Court of Bolivar County of [m]alicious [t]respass. In addition, [the][c]ourt [found] that [Edmond] received his due process rights and all proper revocation procedures were followed prior to his parole revocation.” Edmond v. State, 991 So.2d 588, 589 (¶ 4) (Miss.2008). The circuit court dismissed Edmond’s petition. Thereafter, Edmond requested an out-of-time appeal, which the court denied. Id. at (¶ 5). Edmond appealed the circuit court’s denial of his motion for an out-of-time appeal and argued, among other things, that his parole was unlawfully revoked. Id. at 589-90 (¶ 6). The supreme court determined that Edmond was not entitled to an out-of-time appeal. Id. at 590 (¶ 6). As this issue was dispositive, the supreme court declined to address the issue regarding Edmond’s parole revocation. Id.
¶ 7. Edmond filed a PCR motion on May 31, 2011, in the Hinds County Circuit Court, alleging that his indictment was defective. The circuit court denied Edmond’s motion, finding that the motion was both time-barred and without merit. Edmond appealed and argued that his PCR motion was excepted from the time-bar and that his indictment was defective. Edmond v. State, 134 So.3d 355 (¶ 2) (Miss.Ct.App.2013). This Court agreed with the circuit court that Edmond’s PCR motion was time-barred and barred as a successive writ. Id. at 356 (¶¶ 4-5). Additionally, this Court determined that Edmond had not asserted any grounds that would serve as an exception to the procedural bars. Id. at 357 (¶ 7). Moreover, though apparently not addressed by the circuit court as a reason for denying Edmond’s PCR motion, this Court noted that Edmond had not received “permission from the Mississippi Supreme Court to file his PCR petition in the trial court.” Id. at (¶8).
¶ 8. Edmond filed the instant PCR motion on November 8, 2011, and entitled the motion “Petition for Writ of Habeas Corpus/Motion to Vacate Revocation of Parole.” The circuit court treated Edmond’s motion as one requesting post-conviction relief and denied the motion, finding that it was time-barred and successive-writ barred.
¶ 9. Additional facts, as necessary, will be related in the analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. Appellate courts will not disturb a circuit court’s denial of a PCR motion unless the court’s decision is clearly erroneous. Jackson v. State, 965 So.2d 686, 688 (¶ 6) (Miss.2007). “However, [when] questions of law are raised, ... the applicable standard of review is de novo.” Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). “Jurisdictional matters are [questions] of law; thus, the standard of review is de novo.” Havard v. State, 83 So.3d 452, 453 (¶4) (Miss.Ct.App.2012).
¶ 11. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) requires the *61 petitioner, if his conviction and sentence have been affirmed on appeal, to obtain permission from the Mississippi Supreme Court to file a PCR motion in the circuit court. Miss.Code Ann. § 99-39-7 (Supp. 2018). As previously mentioned, our supreme court affirmed Edmond’s conviction and sentence in 1975. Edmond, 312 So.2d at 706. Therefore, before Edmond could file a PCR motion in the circuit court, he needed to obtain permission from our supreme court to do so.
¶ 12. Although not discussed by the circuit court in its order denying Edmond’s PCR motion, the record is devoid of an order from our supreme court granting Edmond permission to file his PCR motion in the circuit court. We have held:
As to post-conviction-relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in [Mississippi Code Annotated] section 99-39-27 [ (Supp. 2013) ] (leave to proceed in the [circuit] court) deprives the circuit court — and, necessarily, this Court — of authority to reach the merits of the motion.
Williams v. State, 98 So.3d 484, 487 (¶ 9) (Miss.Ct.App.2012). Accordingly, we find that the circuit court lacked jurisdiction to consider the merits of Edmond’s motion because Edmond failed to receive permission from the supreme court to file his PCR motion in the circuit court. It follows then that we, likewise, lack jurisdiction to consider Edmond’s appeal. See Cortez v. State, 9 So.3d 445, 446 (¶ 6) (Miss.Ct.App.2009).
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS VACATED, AND THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. On remand, venue was transferred from Greene County to Sunflower County.