(No. 36471.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNICE WILLIAMS, Plaintiff in Error.

*Opinion filed September 28, 1962..*

PAUL SCHREIBER, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JA-NEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:.

Bernice Williams was indicted in the criminal court of Cook County for the unlawful possession of "a certain narcotic drug, to wit: opium, that is to say, heroin, * * *." She pleaded not guilty, waived a jury trial, was found guilty after a bench trial, and was sentenced to imprisonment for a term of not less than two nor more than three years. Upon this writ of error she contends that her guilt was not established beyond a reasonable doubt, and that her constitutional rights were violated by the denial of her motion to suppress certain evidence.

The defendant was represented by the Public Defender and when the case came on for trial he stated that he would like to file a motion to suppress certain evidence because it was the product of an illegal search and seizure. The judge

responded, "All right. It may be heard at the same time.", and also acquiesced in counsel's request that he be permitted "to start in support of my motion." The defendant's counsel then called her as a witness and she testified to her arrest and search and that the arresting officer had taken narcotics out of her brassiere. The defendant's attorney next called the arresting officer, who testified that he arrested the defendant without a warrant in a pool room located at 205 East 37th Street in Chicago and at that time took certain narcotics from her person.

On cross-examination by the assistant State's Attorney, the officer testified that before he went to the pool room he had a conversation with a narcotic addict outside the pool room; that he "asked the addict who was peddling narcotics in that area and he told me that there was a lady in a pool room right now peddling narcotics." He testified that the addict told him that the lady was about five feet, three inches tall, with a dark complexion, and that she was wearing a black coat, and carried narcotics in a pair of gloves that she was wearing. The officer further testified that he stood outside the pool room, looked through the window, and saw a lady who answered the description given to him standing in the rear of the pool room in the company of four persons known to him to be addicts. As he approached the group, the lady snatched off her glove and the officer grabbed her wrist and took her gloves. He testified that "one glove contained about $15 in singles and the other glove contained Kleenex with sixteen tinfoil wrapped packages of white powder. At this time she was placed under arrest."

No further testimony was offered, and after hearing arguments that dealt only with the legality of the search, the court denied the motion to suppress. The defendant's attorney then said, "We rest," and the judge found the defendant guilty.

We do not reach the issue of the legality of the search,

because the defendant's contention that the proof did not establish her guilt must be sustained. There is no proof whatsoever in the record that the substance taken from the defendant was heroin, as charged in the indictment. The officer identified it as "sixteen tinfoil wrapped packages of white powder." · Even if we were to assume that the defendant's guilt under the indictment in this case could be established by proof that she possessed "a narcotic drug," the record would not sustain a conviction. Under such an assumption, the only pertinent items of evidence would be the testimony of the defendant and of the police officer that he took "narcotics" from her person. As to her testimony, it was offered in support of her motion to suppress, and it was a waiver of her privilege against self-incrimination only with respect to the legality of the search. The effect of her testimony, therefore, was limited to that issue. (McCormick on Evidence, p. 276; 8 Wigmore on Evidence, (McNaughton Rev.) sec. 2276; *State* v. *Thomas,* 208 La. 548, 23 So.2d 212; *Powell* v. *Commonwealth,* 167 Va. 558, 189 S.E. 433.) And so far as the police officer is concerned, it is obvious that only an expert could identify the white powder taken from the defendant as a narcotic drug, (see: King & Pillinger, Opinion Evidence in Illinois, p. 253; *People* v. *Fisher,* 340 Ill. 216, 240,) and there is no suggestion that the officer had the requisite qualifications.

The judgment of the criminal court of Cook County must be reversed.

*Judgment reversed.*