THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE ORTIZ, Defendant-Appellant.

First District (5th Division)   No. 1—87—3187

Opinion filed March 30, 1990.

Randolph N. Stone, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Gael M. O'Brien, Special Assistant State's Attorney, and Inge Fryklund and Paul Gliatta, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

After a stipulated bench trial, defendant, Jose Ortiz, was convicted of possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402) and sentenced to three years in prison. On appeal, he contends (1) the trial court erred in denying his motion to quash his arrest and suppress a plastic bag containing white powder seized during his arrest and (2) the State failed to prove beyond a reasonable doubt that the substance contained in the bag was cocaine. We affirm.

Prior to trial, the court conducted a hearing on defendant's motion to quash his arrest and suppress evidence. At the hearing, defendant testified that while walking in the 1300 block of North

Rockwell, Chicago, at about 12:15 a.m. on June 9, 1987, he was approached by a plainclothes police officer. The officer began searching him and told him to open his hands. When he asked the officer why he should do that, the officer began hitting him. He then attempted to flee, but, before he could get very far away, the officer and a second police officer caught up with him. The officers struggled with him for awhile and then placed him under arrest.

Defendant further testified that after the arrest he reported the police officers' conduct to the Office of Professional Standards. He admitted telling representatives of that office that he was carrying a bag of cocaine when the incident occurred. He was holding the bag, which was about the size of his palm, completely within his clenched fist. He denied that the bag contained 17 smaller bags and stated that he only gave the bag to the officers after the struggle.

Officer David Figlioli, a gang crimes specialist, also testified at the hearing. He stated that while riding in an unmarked police car driven by his partner, Officer Wyora, at about 12:15 a.m. on June 9, he saw defendant, whom he knew from past dealings "in his professional capacity," walking in the 1300 block of North Rockwell. Streetlights were on at the time. When Figlioli was about 15 feet away from defendant, he could see from his unobstructed vantage point in the passenger seat of the car that defendant was holding a plastic bag, about 2½ inches to 3 inches in diameter, in his left hand. He saw a white powdery substance, which he believed to be cocaine, in a portion of the bag sticking out of defendant's hand. After seeing this, he called out to defendant by his nickname and told him to stop. After defendant stopped, Figlioli and Wyora approached defendant who, for some reason, placed his thumbs in his ears and held up his hands. Defendant then suddenly struck Wyora and attempted to flee. After a short chase, they caught defendant and tried to detain him, but he began striking and kicking them. They then wrestled on the ground with him for about 10 minutes before being able to subdue him. After the struggle, Figlioli took the bag that defendant had been holding and saw that it contained 17 smaller bags with a white powdery substance. At the conclusion of Figlioli's testimony, the trial court denied the motion, noting that it found Figlioli's testimony to be more credible than defendant's testimony.

The parties stipulated to the use of the motion hearing testimony at trial. Also, when the court inquired whether there was a stipulation on the chemist's report, the State responded:

"Also stipulate to the report prepared by Marsha Ross on June 11th, 1987, that she tested the substance which was one

clear bag containing 17 clear plastic, clear plastic each containing white powder tested out at 13.6 grams of controlled substance, cocaine."

The court then found defendant guilty of possession of a controlled substance.

Defendant first contends that the trial court should have granted his motion to quash his arrest and suppress the plastic bag because there were no specific or articulable facts which reasonably warranted the police stopping him. He argues that Officer Figlioli's testimony that he saw him carrying a plastic bag with a white powdery substance was incredible, considering that Figlioli was about 15 feet away when he made his observation, it was dark outside and the bag measured only 2½ inches to 3 inches in diameter. On balance, we find no merit to this issue.

██ █ In order to justify the intrusion which results when police stop a private citizen in the public way, the police must be able to point to specific and articulable facts which, when considered with reasonable inferences, warrant the intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880; *People v. Vena* (1984), 122 Ill. App. 3d 154, 160, 460 N.E.2d 886, 891.) The police must have been acting on more than just a hunch when stopping the citizen. (*People v. Steckhan* (1983), 116 Ill. App. 3d 173, 452 N.E.2d 122.) In considering credibility issues, a reviewing court must view all evidence in a light that is most favorable to the prosecution. (*People v. Pryor* (1988), 170 Ill. App. 3d 262, 268, 524 N.E.2d 700, 704.) A reviewing court should not disturb a trial court's finding on a motion to suppress unless it is manifestly erroneous. *People v. Clark* (1989), 185 Ill. App. 3d 231, 235, 541 N.E.2d 199, 202.

██ In the present case, we cannot say that the trial court's denial of the motion was manifestly erroneous. There were specific and articulable facts to support stopping defendant. Here, Officer Figlioli testified that he saw defendant, whom he knew from previous professional dealings, walking down the 1300 block of North Rockwell in the early morning hours of June 9, 1987, with a plastic bag containing a white powdery substance, believed to be cocaine, in his left hand. He made these observations from the unobstructed vantage point of the passenger seat of a car, approximately 15 feet from defendant, with the benefit of illumination from streetlights. On balance, these circumstances and the reasonable inferences to be drawn from them can be deemed to have created a rational, articulable suspicion warranting defendant's stop. See *People v. Clark* (1989), 185 Ill. App. 3d 231, 239, 541 N.E.2d 199, 204.

■ Defendant argues that Officer Figlioli should not be believed because of the improbability that he could see a 2½-inch to 3-inch bag of white powder from an automobile, a distance of about 15 feet away, at about 12:15 in the morning. A reviewing court will not reverse a conviction based on the trier of fact's determination of a credibility issue unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, 1320.) The trial court expressly found Figlioli's testimony to be more believable than defendant's testimony. We do not believe that the evidence is so improbable as to raise a reasonable doubt of guilt. Figlioli did testify that he was a passenger in the police car and had an unobstructed view of defendant. He also testified that Rockwell was illuminated by streetlights. Considering these factors, as well as the relatively small distance between him and defendant, there is an insufficient basis for disturbing the trial court's finding on the issue of credibility.

The fact that Officer Figlioli saw a person with whom he had previous professional dealings walking down a street in the early morning hours with a bag containing a white powdery substance was sufficient to justify the stop. Under the circumstances, it was not unreasonable for a police officer in the gang crimes unit to infer that the white powdery substance was an illicit drug and to stop defendant for further investigation. Once the stop occurred, the series of events which followed, including the assault, the attempted flight and the relatively lengthy struggle, justified the subsequent arrest and seizure of the plastic bag.

A somewhat similar factual situation was present in *People v. Clark* (1989), 185 Ill. App. 3d 231, 541 N.E.2d 199. There, the court found that a stop was proper under circumstances where a veteran police officer observed, at a distance of approximately 10 feet, occupants of a car smoking, inhaling and passing a hand-rolled cigarette which he concluded was marijuana. Though there is no evidence in the present case that the defendant was in fact using the white powdery substance, evidence that a gang crimes specialist, with prior professional dealings with defendant, saw defendant walking in the early morning hours with a plastic bag containing a white powdery substance believed to be cocaine is sufficiently similar to the evidence in *Clark* so as to warrant a similar conclusion that the stop was proper.

*People v. Steckhan* (1983), 116 Ill. App. 3d 173, 452 N.E.2d 122, cited by defendant, is distinguishable on the basis that the stop which occurred in that case was based upon a hunch and not articulable

facts. In *Steckhan*, defendant was stopped for a drug search at an airport because he was arriving on a plane from an area which was a known drug source, was the last passenger to deboard the plane, was young, walked slowly, and looked over his shoulder. Aside from these relatively common and innocent circumstances, the officers who made the stop could point to nothing to justify the stop for the purposes of the drug search. The present case is different because Officer Figlioli, a gang crimes specialist with prior professional dealings with defendant, could point to the suspicious circumstance that defendant was carrying a small plastic bag containing a white powdery substance, which he believed to be cocaine. This circumstance, occurring as it did in the early morning hours, made the basis for the stop more than a mere hunch and was sufficient to condone the stop.

Defendant next contends that the State failed to prove beyond a reasonable doubt that the substance in the plastic bag was cocaine and thus failed to prove a key element of the possession of a controlled substance charge. He argues that the stipulation regarding Marsha Ross' report was insufficient proof that the substance was cocaine because it did not identify Ross as a qualified expert and did not identify the tests she performed to conclude that the substance was cocaine. He further argues that without expert testimony that the substance was cocaine, the State could not establish the key element of the identity of the controlled substance. We disagree.

In order to obtain a conviction for possession of a controlled substance, the State must prove beyond a reasonable doubt that the substance in question is in fact a controlled substance. (See *People v. Harrison* (1962), 26 Ill. 2d 377, 379, 186 N.E.2d 657, 658.) Proof of identity of a substance may be established by expert testimony. (*People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795.) Absent expert testimony, proof of identity may be established through other evidence, including circumstantial evidence. See *People v. Robinson* (1958), 14 Ill. 2d 325, 330-31, 153 N.E.2d 65, 68.

In the present case, there was no expert testimony that the white powdery substance was cocaine. There was the stipulation regarding Marsha Ross' report but that stipulation did not expressly state that Ross was an expert qualified to render a chemical analysis of the substance in question. We cannot infer from the trial court's casual reference to a "chemist's report" that the parties intended to stipulate that Marsha Ross was in fact a qualified chemist. The court's remark can be construed to communicate no more than a casual identification of the document. It cannot be construed as a di-

rected inquiry as to whether there would be a stipulation concerning the qualifications of its preparer. See *People v. Harrison* (1962), 26 Ill. 2d 377, 379, 186 N.E.2d 657, 658.

The fact that the parties may have stipulated to the admissibility of that report does not of itself control the weight which can be attributed to it. (1 Wigmore, Evidence, §12 (Tillers rev. ed. 1983).) If there is no evidence presented to establish Ross' qualifications or a stipulation that she possessed the threshold qualifications to render her analysis admissible as an expert's report, the report should not be given the weight of an expert's report.

However, even without expert testimony, there was sufficient other evidence to establish that the substance was cocaine. Significantly, when defendant reported the police officers' alleged misconduct to the representatives of the Office of Professional Standards, he voluntarily admitted that he was carrying cocaine in the bag. Although an admission by itself is insufficient to establish that the substance was cocaine, an admission together with corroborating circumstances may be sufficient. (*People v. Jones* (1979), 75 Ill. App. 3d 214, 221-22, 393 N.E.2d 1132, 1138.) Corroborating circumstances which have been found to be sufficient include those which suggest that the defendant's admission was based upon his actual knowledge that a substance was a drug. (See *People v. Park* (1978), 72 Ill. 2d 203, 212-13, 380 N.E.2d 795, 800.) In the present case, there were sufficient corroborating circumstances. There was the manner in which defendant clasped the bag with the substance, his stubborn refusal to open his hands when ordered to do so, his sudden attack on the police officer, his attempted flight from the police officers and his determined refusal to turn the bag over to the police until after the 10-minute struggle. These circumstances tend to suggest that defendant knew he was holding an illicit substance which he did not want to turn over to law enforcement officers. Additionally, there was Officer Figlioli's identification of the substance as a white powder, a circumstance which other courts have considered together with other circumstances in determining whether a substance is a drug. (*United States v. Lawson* (7th Cir. 1974), 507 F.2d 433, 438-39; *United States v. Agueci* (2d Cir. 1962), 310 F.2d 817, 828-29.) Together, defendant's voluntary admission and the corroborating circumstances were sufficient to prove his guilt beyond a reasonable doubt. See *People v. Harrison* (1962), 26 Ill. 2d 377, 186 N.E.2d 657.

■ At oral argument, defendant for the first time argued that his motion hearing testimony that he admitted carrying cocaine was inadmissible evidence at trial and cannot be considered in proving his

guilt. As a general rule, a defendant's testimony at a motion to suppress hearing may not be subsequently admitted at trial on the issue of guilt. (*People v. Gross* (1988), 166 Ill. App. 3d 413, 418, 519 N.E.2d 1043, 1048.) Nonetheless, defendant overlooks one very significant fact in making his argument: he stipulated, without reservation, to the use of his motion hearing testimony at trial. Having done so, he cannot now complain of the evidence he has stipulated to. (*People v. Hawkins* (1963), 27 Ill. 2d 339, 341, 189 N.E.2d 252, 253.) If he was concerned about its inadmissibility, he should not have agreed to its use at trial. (*People v. Sclafani* (1988), 166 Ill. App. 3d 605, 610-11, 520 N.E.2d 409, 412-13.) Additionally, he has waived this argument by not raising it in his brief. 107 Ill. 2d R. 341(e)(7).

The cases cited by defendant, *People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795, *People v. Judkins* (1963), 28 Ill. 2d 417, 192 N.E.2d 848, and *People v. Williams* (1962), 25 Ill. 2d 562, 185 N.E.2d 686, are distinguishable on the basis that the proofs in each of these cases were not sufficient to establish the substance as a narcotic drug. In *Park*, although there was an admission by defendant, the admission was made under the pressure of a police investigation of the crime and there were insufficient corroborating circumstances. In *Judkins*, there was no admission and nothing other than a field test to establish the identity of the drug. In *Williams*, there was no proof that the substance taken from defendant was heroin. In the present case, the voluntary admission and corroborating circumstances offer more substantial proof than in any of these cases.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

LORENZ and MURRAY, JJ., concur.