ISHEE, J.,
for the Court.
¶ 1. Teresa Burgess was convicted by a Lowndes County Circuit Court jury for the sale of a controlled substance. Her motion for a judgment notwithstanding the verdict or, in the alternative, a new trial *983 was denied. Finding no error, we affirm the conviction and sentence.
STATEMENT OF FACTS
¶ 2. On April 18, 2000, Teresa Burgess (Burgess) sold narcotics to a confidential informant who was working for the Lowndes County Sheriffs Department. Prior to the pre-arranged sale, the police had installed a video camera in the informant’s vehicle, which recorded the illicit transaction. The videotape showed the informant and Burgess discussing slang terms for specific narcotics, as well as a quantity and price for those narcotics. The videotape further showed Burgess giving the informant a quantity of marijuana and several tablets wrapped in cellophane in exchange for $60.
¶ 3. Immediately after the transaction, the informant delivered the narcotics to the police. The deputies removed the videotaping equipment from her vehicle, viewed the recording, and secured the evidence. The tablets were subsequently delivered to the Tupelo Crime Lab for testing. An analysis revealed that the tablets were alprazolam, a Schedule IV controlled substance, also known as Xanax. The State later secured two separate indictments against Burgess; one for the sale of alprazolam, and the other for the sale of marijuana.
¶ 4. This appeal arises from the jury trial held on the charge of selling the controlled substance alprazolam. At that trial, the State offered evidence from the informant, a deputy sheriff from the narcotics unit, and a forensic chemist from the crime lab. At the close of the State’s casein-chief, Burgess moved for a directed verdict arguing that the State had failed to prove that Burgess “knew the substance and character of the alleged contraband.” The trial court denied the motion. Burgess chose not to present any evidence at trial, and the jury subsequently returned a guilty verdict against Burgess. Burgess then filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. That motion was also denied.
¶ 5. Aggrieved by her conviction, Burgess appeals asserting that the trial court erred in failing to grant a peremptory instruction and in denying Burgess’s motion for a judgment notwithstanding the verdict.
DISCUSSION
I. Whether the trial court erred in failing to grant a peremptory instruction and in denying Burgess’s motion for a judgment notwithstanding the verdict.
¶ 6. It is Burgess’s position that the State failed to prove all of the necessary elements for the crime of sale of a controlled substance. Burgess maintains that the State failed to prove that she knew that the substance she sold the informant was contraband, and therefore, there was insufficient evidence to support the conviction. Burgess argues that although there was testimony offered that the informant and Burgess discussed certain slang terms for drugs, no direct evidence was offered that Burgess knew or admitted what those terms meant. On the videotape which was admitted into evidence, Burgess and the informant use the term “peach” in reference to the sale of the alprazolam. Furthermore, Burgess argues that the State offered no evidence to show that the term “peach” was a slang, street name for al-prazolam. Burgess asserts that without any direct testimony, the jury was left to infer that Burgess knew that the substance she sold the informant was contraband.
*984 ¶ 7. Regarding the standard of review for this issue, the Mississippi Supreme Court has stated that when considering whether the evidence is sufficient to sustain a conviction in the face of a motion for a directed verdict, or for a judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows “beyond a reasonable doubt that the accused committed the act charged, and that [the defendant] did so under such circumstances that every element of the offense existed....” Carr v. State, 208 So.2d 886, 889 (Miss.1968). The relevant question for the appellate court to consider is whether, after viewing the evidence in the light most favorable to the prosecution, and after giving the State the benefit of all favorable inferences that may reasonably be drawn from the facts established by the evidence, any rational trier of fact could have found that the defendant committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Glass v. State, 278 So.2d 384, 386 (Miss.1973). If the facts and inferences considered in a challenge to the sufficiency of the evidence “point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,” the appellate court must reverse the conviction and render. Edwards v. State, 469 So.2d 68, 70 (Miss.1985).
¶ 8. With the standard of review in mind, we pause to consider the elements which the State was required to prove regarding the charge of sale of a controlled substance. Mississippi Code Annotated § 41-29-139(a)(l) (Rev.2001) provides that, except as authorized by this article, it is unlawful for any person to knowingly or intentionally sell a controlled substance. Burgess was charged with the sale of al-prazolam. Mississippi Code Annotated § 41-29-119 (Rev.2001) lists alprazolam as a Schedule IV controlled substance. Therefore, the State was required to prove that Burgess knowingly or intentionally sold alprazolam to the informant in Lowndes County.
¶ 9. Our review of the record reveals the following undisputed evidence: the informant testified that the illicit transaction occurred in Lowndes County; the informant testified that she and Burgess discussed the purchase and sale of a specific quantity of “peach” and marijuana for a specific price; the informant testified that Burgess gave her a quantity of marijuana and tablets wrapped in cellophane in exchange for $60; the transaction was videotaped, and the videotape was seen and heard by the jury; the crime lab technician testified that the evidence consisted of twelve whole tablets and .84 grams of crushed tablets; the crime lab technician testified that an analysis using gas chromatography with mass spectrometry revealed that the substance was alprazolam. Furthermore, each of these witnesses were subjected to the crucible of cross-examination.
¶ 10. Burgess argues here, as she did in the trial court, that the State failed to prove that she knew that she was selling a controlled substance. Burgess maintains that without direct evidence of his knowledge that the substance was contraband, the State was required to show knowledge under a theory of constructive possession. See Berry v. State, 652 So.2d 745 (Miss.1995); Fultz v. State, 573 So.2d 689 (Miss.1990); Campbell v. State, 566 So.2d 475 (Miss.1990); Curry v. State, 249 So.2d 414 (Miss.1971). Burgess concedes that under the constructive possession theory, the evidence demonstrates that she had dominion and control over the contraband. However, Burgess argues that because the State *985 failed to prove that Burgess knew that the term “peach” referred to alprazolam, the State failed to prove that she knew the substance was contraband.
¶ 11. We disagree with Burgess’s contention that this case involves constructive possession. The cases offered by Burgess refer to the issue of possession of contraband, and the resulting assignment of criminal responsibility. Possession was not at issue in this case. Furthermore, Burgess herself concedes that she had dominion and control over the contraband. The issue Burgess disputes is whether she knew the substance was contraband. In this regard, we find that it was certainly within the jury’s province to infer from the evidence offered at trial that Burgess had knowledge that the substance she sold to the informant was contraband. The jury saw and listened to the videotape of the transaction. The jury heard Burgess and the informant discuss “peach”, and they saw money exchanged for the tablets. The jury also heard the in-court testimony from the informant, both during the direct examination and during cross-examination. The jury was free to conclude that Burgess was talking about expensive produce in her discussion of the term “peach,” or the jury was also free to impute constructive knowledge of the slang name of the contraband to Burgess based on her conduct. The jury reached the latter conclusion. See Martin v. State, 413 So.2d 730, 732 (Miss.1982) (knowledge of the character of contraband, and actual or constructive possession of the same, may be proven by the State through circumstantial evidence).
¶ 12. After viewing the evidence in the light most favorable to the prosecution, and after giving the State the benefit of all favorable inferences that may reasonably be drawn from the facts established by the evidence, we conclude that any rational trier of fact could have found the essential elements of the crime of sale of a controlled substance beyond a reasonable doubt. We find that a reasonable jury could conclude, based on the record evidence, that Burgess was guilty of knowingly or intentionally selling alprazolam in Lowndes County.
¶ 13. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION FOR THE SALE OF A CONTROLLED SUBSTANCE AND THE SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; FIVE YEARS OF POST-RELEASE SUPERVISION; AND PAYMENT OF A $2,500 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.