MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. A Tunica County grand jury returned a two-count indictment against Cedric Jamison. Count I charged sexual battery, and Count II charged possession of .1 gram or less of cocaine. Based on Jami-son’s trial testimony that he possessed “about two or three grams of cocaine,” the circuit court allowed the State to amend Count II of Jamison’s indictment to increase the charged quantity to “between 2 and 10 grams.” The amendment occurred after the close of the evidence. Its effect was to increase the statutory minimum and maximum penalties Jamison faced from one to four years’ imprisonment to four to sixteen years. The jury acquitted Jamison of sexual battery but convicted him of cocaine possession. The circuit court sentenced Jamison to ten years (six to serve and four suspended).
 

 
 *569
 
 ¶ 2. We hold that an amendment to the charged quantity in a drug-possession offense that increases the statutory maximum penalty is an amendment of substance, requiring submission to a grand jury. Because the amendment to Jami-son’s indictment resulted in a sentence above the statutory maximum of the original charge, and was made without grand-jury approval, we must vacate his sentence. We affirm Jamison’s conviction on the lesser cocaine-possession offense and remand for resentencing under the statutory penalties for Count II as it existed prior to the amendment.
 

 FACTS
 

 ¶3. On August 30, 2008, the Tunica County Sheriffs Office received a call from Jane Smith
 
 [1]
 
 reporting that Jamison had sexually assaulted her. Officers were dispatched to the home of Latony Burk, where the assault had allegedly occurred. Smith was taken to the Memphis Rape Crisis Center in Memphis, Tennessee, while officers began searching for Jamison. They soon found Jamison at his sister’s home, hiding inside a storage bin in the closet of the master bedroom. Jamison was arrested and taken into custody. A grand jury later charged him with sexual battery and possession of .1 gram or less of cocaine.
 

 ¶ 4. According to Smith’s testimony, she was alone inside Burk’s home and asleep on the couch when Jamison arrived. Smith testified Jamison forced her to perform oral sex on him and to “do cocaine off of his body.” Smith recounted: “As he was making me have oral sex on him, he was pouring [cocaine] all over his body and on his penis, and he was making me— telling me to suck here and lick there — lick that off.” Smith explained that she was familiar with cocaine and could identify the substance.
 

 ¶ 5. The circuit court admitted into evidence a report from a “sexual-assault nurse” at the Tennessee crisis center who recorded Smith’s account on August 30. According to the report, Jamison had “put some cocaine on his penis, and ... made [Smith] suck it off.” A forensic toxicologist from the Mississippi Crime Laboratory testified that blood samples taken from Smith on August 30 contained cocaine metabolites. He conceded, however, that he could not ascertain how long the cocaine metabolites had been in Smith’s bloodstream.
 

 ¶ 6. Jamison testified in his own defense. He denied he had sexually assaulted Smith, but admitted possessing cocaine. Jamison claimed Smith had performed consensual oral sex on him in exchange for cocaine. Jamison admitted during trial that he had possessed “about two to three grams of cocaine” when he was with Smith on August 30. He also testified he had provided Smith “maybe a gram” of the drug for herself.
 

 ¶ 7. Based on Jamison’s testimony, after the close of the evidence, the State moved to amend Jamison’s indictment to increase the quantity of cocaine charged from .1 gram or less to between two and ten grams. The circuit court permitted the amendment over Jamison’s objection, finding it concerned “a matter of form as opposed to substance.” The jury acquitted Jamison of sexual battery but found him guilty of possessing two to ten grams of cocaine.
 
 [2]
 
 The circuit court sentenced
 
 *570
 
 him — above the statutory maximum of the original charge — to ten years, with six years to serve and four years suspended. Jamison filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the circuit court denied.
 

 DISCUSSION
 

 I. Amendment to the Indictment
 

 ¶8. The grand jury originally charged Jamison with possessing .1 gram or less of cocaine under section 41 — 29—139(c)(1)(A) (Rev.2009).
 
 [3]
 
 If convicted, Jamison faced a minimum of one year but not more than four years’ imprisonment and up to a $10,000 fine. Miss.Code Ann. § 41-29-139(c)(1)(A). Based on Jamison’s testimony that he possessed “about two to three grams of cocaine,” at the close of the evidence, the circuit court — over Jamison’s objection — allowed the State to amend his indictment. The amended indictment charged Jamison with possessing a larger quantity of cocaine — between two and ten grams.
 
 See
 
 Miss.Code Ann. § 41-29-139(c)(1)(C) (Rev.2009). This amendment resulted in a significant increase in the severity of Jamison’s potential sentence. After the amendment, he faced a mandatory minimum sentence of not less than four years but not more than sixteen years’ imprisonment and up to a $250,000 fine.
 
 Id.
 

 A. Right to Indictment by Grand Jury
 

 ¶ 9. Uniform Rule of Circuit and County Court 7.09 sets forth the applicable requirements for amending an indictment. Rule 7.09 provides in pertinent part: “All indictments may be amended as to form but not as to the substance of the offense charged.” It further emphasizes that an “[ajmendment shall be allowed
 
 only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.”
 
 (Emphasis added). While Rule 7.09 “does not speak to the timing of the amendment,” it mandates that “the defendant must be ‘afforded a fair opportunity to present a defense’ and ‘not be unfairly surprised.’ ”
 
 Gowdy v. State,
 
 56 So.3d 540, 545 (¶ 16) (Miss.2010). “This means that the defendant must be afforded due process of law and be given fair notice of ‘the nature and cause of the accusation.’ ”
 
 Id.
 
 (citing U.S. Const, amends. VI, XIV; Miss. Const, art. 3, §§ 14, 26).
 

 ¶ 10. The United States Supreme Court has not found the federal right to indictment by grand jury applicable to the states through the Fourteenth Amendment to the United States Constitution.
 
 See Ring v. Arizona,
 
 536 U.S. 584, 597 n. 4, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (citing
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 477 n. 3, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Rather, “[t]he Supreme Court has continued to follow the position that indictment issues in federal courts are governed by the Fifth Amendment, while indictment issues in state courts are instead governed by state law.”
 
 Bennett v. State,
 
 933 So.2d 930, 952 (¶ 83) (Miss.2006).
 

 
 *571
 
 ¶ 11. Article 3, section 27 of the Mississippi Constitution requires an indictment by a grand jury for the prosecution of felonies, “except in cases arising in the land or Naval forces, or the military when in actual service.”
 
 Quick v. State,
 
 569 So.2d 1197, 1199 (Miss.1990) (interpreting Miss. Const, art. 3, § 27). “This provision has been in each of the constitutions which the people of the State of Mississippi have established.”
 
 Id.
 
 Since 1858, our courts have had “no power to amend an indictment as to the matter of substance without the concurrence of the grand jury ..., although amendments as to mere informal-ities may be made by the court.”
 
 [4]
 
 An amendment is considered to be one of substance if it alters the essence of the charge.
 
 Rhymes v. State,
 
 638 So.2d 1270, 1275 (Miss.1994). According to the Mississippi Supreme Court, if the amendment either (1) “materially alter[s] facts which are the essence of the offense on the face of the indictment as it originally stood or” (2) “materially alter[s] a defense to the indictment as it originally stood so as to prejudice the defendant’s case,” then the amendment is substantive, and approval by the grand jury is required.
 
 Spears v. State,
 
 942 So.2d 772, 774 (¶ 6) (Miss.2006).
 

 B.
 
 Apprendi v. New Jersey
 

 ¶ 12. In
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held: “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” The State contends the quantity involved in a drug-possession charge only relates to the sentence and is never an element of the crime itself. It also suggests that amending the charged quantity in a case involving possession of a controlled substance always concerns merely a matter of form, not substance. We disagree with both notions.
 

 ¶ 13. The Mississippi Supreme Court has not confronted
 
 Apprendi’s
 
 application to the specific issue before us. And we find none of the cases relied on by the State are dispositive here. Both
 
 Kittler v. State,
 
 830 So.2d 1258, 1259-60 (¶¶4-6) (Miss.Ct.App.2002) and
 
 Oby v. State,
 
 827 So.2d 731, 735-36 (¶¶ 13-17) (Miss.Ct.App.2002) are distinguishable because the amendment to the indictment in both cases
 
 decreased
 
 the quantity of narcotics allegedly possessed. Though
 
 Apprendi
 
 was not discussed in either case, we find its dictates were not offended because the defendants in
 
 Kittler
 
 and
 
 Oby
 
 were not exposed to increased maximum sentences and more severe punishments if convicted. We also find
 
 Harris v. State,
 
 5 So.3d 1127 (Miss.Ct.App.2008) distinguishable because the defendant in
 
 Harris
 
 voluntarily pled guilty to the increased drug-possession charge in the amended indictment — a result we have absolutely no qualms with due to the voluntarily negotiated outcome.
 

 ¶ 14. Because Mississippi courts have not squarely addressed this issue, we look to other courts that have. The United States Court of Appeals for the Fifth Circuit has explained that in considering whether drug quantity must be pled in an indictment and proved as an element of the offense beyond a reasonable doubt, “[t]he relevant inquiry is now whether a factual determination is involved, and whether that determination increases the sentence beyond the maximum statutory penalty.”
 
 United States v. Doggett,
 
 230 F.3d 160, 164 (5th Cir.2000). In
 
 Doggett,
 
 the Fifth Circuit held: “[I]f the govern
 
 *572
 
 ment seeks enhanced penalties based on the amount of drugs ... the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt.”
 
 Id.
 
 at 164-65.
 

 ¶ 15. Numerous other federal circuit courts have followed suit and similarly determined quantity is an element of a drug-possession offense that must be charged in the indictment and proven to the jury beyond a reasonable doubt under
 
 Apprendi See United States v. Lacy,
 
 446 F.3d 448, 453-54 (3d Cir.2006);
 
 United States v. McLean,
 
 287 F.3d 127, 134 (2d Cir.2002);
 
 United States v. Sanchez,
 
 269 F.3d 1250, 1270 (11th Cir.2001);
 
 United States v. Promise,
 
 255 F.3d 150, 156-57 (4th Cir.2001);
 
 United States v. Fields,
 
 251 F.3d 1041, 1043 (D.C.Cir.2001);
 
 United States v. Westmoreland,
 
 240 F.3d 618, 632 (7th Cir.2001);
 
 United States v. Aguayo-Delgado,
 
 220 F.3d 926, 932-33 (8th Cir.2000).
 

 ¶ 16. Several state courts considering this issue have applied similar requirements on the right to indictment by a grand jury and have held that where quantity
 
 in
 
 a drug-possession charge affects the severity of the potential sentence, it is an essential element of the offense which must be charged by the grand jury.
 
 People v. Patterson,
 
 267 Ill.App.3d 933, 205 Ill.Dec. 1, 642 N.E.2d 866, 870 (1994);
 
 People v. Mass,
 
 464 Mich. 615, 628 N.W.2d 540, 547 (2001);
 
 State v. Davis,
 
 121 Ohio St.3d 239, 903 N.E.2d 609, 611-612 (2008);
 
 Clair v. State,
 
 324 S.C. 144, 478 S.E.2d 54, 55-56 (1996);
 
 see also United States v. Wilkes,
 
 130 F.Supp.2d 222, 234 (D.Mass.2001) (finding quantity an element under the federal grand-jury right).
 

 ¶ 17. Our supreme court has held an amendment to an indictment is substantive if it “materially alter[s] facts which are the essence of the offense on the face of the
 

 indictment as it originally stood.”
 
 Spears,
 
 942 So.2d at 774 (¶ 6). Here, Jamison entered the courtroom charged with possessing .1 gram or less of cocaine and facing a one-year minimum sentence and an four-year maximum.
 
 See
 
 Miss.Code Ann. § 41-29-139(c)(l)(A). The court-authorized amendment to the indictment materially altered the originally pled facts by increasing the quantity charged to “between 2 and 10 grams,” resulting in a potential term of incarceration four times as harsh — a minimum of four but not more than sixteen years.
 
 See
 
 Miss.Code Ann. § 41 — 29—139(c)(1)(C). Jamison’s potential fine also increased from $10,000 to $250,000.
 
 Id.
 
 Jamison received a sentence of ten years’ imprisonment (six years to serve with four years suspended). His sentence exceeded the statutory maximum under the original charge (four years).
 

 ¶ 18. Drawing from the cited cases and our constitutional mandate, we find that because the court-authorized amendment to the indictment increased the charged drug quantity thereby exposing Jamison to a more severe sentence than authorized by the statutory maximum in the original indictment,
 
 [5]
 
 it was an impermissible substantive amendment. We therefore vacate Jamison’s sentence and remand for resentencing under the lesser penalties prescribed for possessing less than .1 gram of cocaine. Miss.Code Ann. § 41-29-139(c)(l)(A).
 

 II. Sufficiency of the Evidence
 

 ¶ 19. Jamison next claims the evidence is insufficient to support his conviction for cocaine possession. Our specific inquiry here requires that we consider whether sufficient evidence exists that Jamison possessed “[l]ess than one-tenth (0.1) gram” of
 
 *573
 
 cocaine in violation of Mississippi Code Annotated section 41-29-139(c)(l)(A) — the original charge for which Jamison had proper notice.
 
 [6]
 

 A. Standard of Review
 

 ¶ 20. Motions for a directed verdict and a JNOV challenge the legal sufficiency of the evidence.
 
 Nelson v. State,
 
 10 So.3d 898, 905 (¶ 29) (Miss.2009). We review the trial court’s last ruling on the question of the legal sufficiency of the evidence — here the denial of Jamison’s motion for a JNOV.
 
 See e.g., Stewart v. State,
 
 909 So.2d 52, 56 (¶ 16) (Miss.2005) (citing
 
 McClain v. State,
 
 625 So.2d 774, 778 (Miss.1993)).
 

 ¶21. When addressing the sufficiency of the evidence, we consider all evidence in a light most favorable to the State.
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005). Credible evidence consistent with guilt must be accepted as true. The State receives the benefit of all favorable inferences reasonably drawn from the evidence.
 
 Jones v. State,
 
 20 So.3d 57, 64 (¶ 16) (Miss.Ct.App.2009) (citing
 
 Hughes v. State,
 
 983 So.2d 270, 275-76 (¶¶ 10-11) (Miss.2008)). The jury resolves matters of weight and credibility. Reversal is proper when reasonable and fair-minded jurors could only find the accused not guilty.
 
 Id.
 
 Our primary duty in considering the sufficiency of the evidence is to determine whether from the evidence presented, it would be impossible for a reasonable juror to find the defendant guilty.
 
 Ducksworth v. State,
 
 767 So.2d 296, 301 (¶ 10) (Miss.Ct.App.2000).
 

 B. Cocaine Possession
 

 ¶22. Mississippi Code Annotated section 41-29-139(c) criminalizes the knowing or intentional possession of cocaine — a Schedule II controlled substance listed under Mississippi Code Annotated section 41-29-115(A)(a)(4) (Rev.2009). In deciding whether Jamison violated section 41-29-139(c)(l)(A) — which prohibits possession of less than .1 gram of cocaine — we must determine whether he possessed a detectable amount of cocaine.
 
 See
 
 Miss. Code Ann. § 41-29-139 (The weights set forth in section 41-29-139(c) “refer[] to the entire weight of any mixture or substance containing a detectable amount of the controlled substance.”). Considering possession of a controlled substance, our supreme court has held “the statute requires no minimum amount[, and] ... any identifiable amount, however slight, constitute[s] a crime.”
 
 Hampton v. State,
 
 498 So.2d 384, 386 (Miss.1986). To sustain a conviction for drug possession, “there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.”
 
 Curry v. State,
 
 249 So.2d 414, 416 (Miss.1971). Possession may be either actual or constructive.
 
 Lewis v. State,
 
 17 So.3d 618, 620 (¶ 8) (Miss.Ct.App.2009). “[Kjnowledge of the character of contraband, and actual or constructive possession of [it], may be proven by the State through circumstantial evidence.”
 
 Burgess v. State,
 
 911 So.2d 982, 985 (¶ 11) (Miss.Ct.App.2005) (citing
 
 Martin v. State,
 
 413 So.2d 730, 732 (Miss.1982)).
 

 ¶ 23. Jamison admitted numerous times during trial that he had possessed cocaine when he was with Smith on August 30, 2008. He specifically testified that he possessed a quantity of “about two to three grams of cocaine.” He added that he had provided “maybe a gram” of the drug to Smith. Jamison explained that he and Smith stayed at his friend’s home for several hours “getting high, snorting cocaine.”
 
 *574
 
 According to Smith, Jamison poured cocaine “all over his body and on his penis[.]” He then forced her “to suck here and lick there—lick that off.” Also, expert testimony established that blood samples taken from Smith on the date of this alleged incident tested positive for cocaine metabolites.
 

 ¶ 24. We find the proof that Jami-son possessed a detectable amount of cocaine is overwhelming. Jamison made clear that he was familiar with cocaine. He described to the jury the drug’s narcotic effect. And he admitted on the witness stand that he possessed at least two grams of the substance and gave some to Smith. Though Jamison now takes issue with the fact that cocaine was not seized from his person and chemically tested to confirm its identity as cocaine, we have rejected the notion that this is always required. See
 
 Boddie v. State,
 
 850 So.2d 1205, 1208-09 (¶¶ 13-14) (Miss.Ct.App.2002) (“While proof by an expert as to the identity of a controlled substance is the preferred and best method of proof, the State should not be foreclosed from employing other avenues of proof, including circumstantial evidence.”) (citing
 
 United States v. Eakes,
 
 783 F.2d 499, 505 (5th Cir.1986);
 
 People v. Steiner,
 
 640 P.2d 250, 252 (Colo.Ct.App.1981);
 
 People v. Ortiz, 197
 
 Ill.App.3d 250, 143 Ill.Dec. 481, 554 N.E.2d 416, 420 (1990);
 
 State v. Northrup,
 
 16 Kan.App.2d 443, 825 P.2d 174, 178 (1992);
 
 State v. Nash,
 
 233 Neb. 318, 444 N.W.2d 914, 919 (1989)). As the Fifth Circuit has explained: “[cjircumstantial evidence, supported by lay testimony, may establish the identity of the [controlled] substance involved.”
 
 United States v. Brown,
 
 887 F.2d 537, 542 (5th Cir.1989) (citing
 
 Eakes,
 
 783 F.2d at 505).
 

 C. Corpus Delicti
 

 ¶ 25. To the extent Jamison suggests the State failed to establish the body of the crime, we turn to the supreme court’s explanation of the corpus delicti rule:
 

 Corpus delicti is defined as the body or substance of the crime. It contains the following two elements which must be proved beyond a reasonable doubt in order to show that a crime has actually been committed: (1) the existence of a certain act or result forming the basis of a criminal charge and (2) the existence of criminal agency as the cause of this act or result.
 
 Poole v. State,
 
 246 Miss. 442, 446, 150 So.2d 429, 431 (1963). “Every element, criminal charge, and criminal agency must be proved beyond a reasonable doubt.”
 
 Id.
 
 at 446, 150 So.2d 429.
 

 Cotton v. State,
 
 675 So.2d 308, 313 (Miss.1996).
 

 ¶ 26. The purpose behind the corroborative rule is “to reduce the risk of a defendant being convicted of a crime never committed.”
 
 Id.
 
 This safeguard requires that in cases involving out-of-court confessions, there must be “independent proof of corpus delicti beyond extrajudicial admissions or confessions.”
 
 Id.
 
 “The corpus delicti need only be proven by a preponderance of the evidence, and the confession may be used to raise the proof beyond a reasonable doubt.”
 
 Id.
 

 ¶ 27. Though Jamison challenges the corroborative evidence surrounding his admissions, we point out that the general corpus delicti requirement of independent proof applies
 
 only
 
 to out-of-court statements—or as our supreme court has put it “extrajudicial admissions or confessions.”
 
 Id.
 
 Here, Jamison’s multiple admissions about his cocaine possession came during his testimony from the witness stand at trial. And we find a defendant who elects to testify is just as competent to establish the corpus delicti as any other witness.
 
 *575
 
 Indeed, noted legal scholar John H. Wig-more explained that the corpus delicti rule “has of course no bearing upon an infraju-dicial confession,” which he likened to, “a plea of guilty.” 7 John H. Wigmore,
 
 Evidence
 
 § 2071, at 524 (Chadbourn Rev. 1978). We choose to follow the majority of jurisdictions that have looked favorably upon Wigmore’s reasoning and have not extended the corroboration requirement to admissions made by a defendant in a judicial proceeding.
 
 [7]
 

 ¶ 28. We find Jamison’s sworn testimony from the witness stand is certainly sufficient, standing alone, to sustain his cocaine-possession conviction. Though it technically and legally needs no corroboration, the jury was also confronted with additional evidence, including Smith’s testimony that Jamison made her “lick” cocaine off of him, as well as forensic evidence of cocaine metabolites discovered in Smith’s blood.
 

 ¶ 29. For these reasons, we find sufficient evidence to sustain Jamison’s conviction for possession of less than .1 gram of cocaine. Because Jamison preserved his challenge to the amendment to his indictment, we vacate his sentence in part and remand for resentencing under the lesser penalties in Mississippi Code Annotated section 41-29-139(c)(l)(A).
 

 ¶ 30. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE IS AFFIRMED. THE SENTENCE OF TEN YEARS, WITH SIX YEARS TO SERVE AND FOUR YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND RUSSELL, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. MYERS, J„ NOT PARTICIPATING.
 

 [1]
 

 . We have substituted a pseudonym in place of the alleged victim’s real name.
 

 [2]
 

 . The circuit court instructed the jury to find Jamison guilty of Count II if it found the State proved beyond a reasonable doubt that Jami-son intentionally or knowingly possessed cocaine "in an amount between 2 and 10
 
 *570
 
 grams.” The jury returned a general verdict finding Jamison guilty of Count II.
 

 [3]
 

 . We note the quantity alleged in Count II of Jamison’s indictment is listed as ".1 gram or less,” which does not correspond exactly with section 41 — 29—139(c)( 1 )(A). Section 41-29-139(c)(1)(A) criminalizes possession of
 
 "[IJess than
 
 one-tenth (0.1) gram.” (Emphasis added). However, the heading in Jamison's indictment lists the offense: "Possession of Controlled Substance MCA Section 41-29-139(c)(1)(a).” Where an indictment is ambiguous and two statutes potentially apply, the trial court must, for sentencing purposes, apply the statute imposing the lesser penalty.
 
 Clubb v. State,
 
 672 So.2d 1201,
 
 1203-06
 
 (Miss.1996). Thus, on remand, the trial court must apply section 41-29-139(c)(l)(A) to re-sentence Jamison.
 

 [4]
 

 .
 
 Id.,
 
 (citing
 
 Blumenberg v. State,
 
 55 Miss. 528 (1878);
 
 Peebles v. State,
 
 55 Miss. 434 (1877);
 
 Miller v. State,
 
 53 Miss. 403 (1876);
 
 McGuire v. State,
 
 35 Miss. 366 (1858)).
 

 [5]
 

 . We note that our analysis would differ if the sentence imposed under the amended indictment falls within the sentencing range allowed under the original indictment.
 

 [6]
 

 . We note that the jury’s verdict necessarily includes a finding that Jamison possessed the weight of cocaine proscribed by section 41-29-139(c)(l)(A).
 

 [7]
 

 .
 
 See, e.g., Landsdown v. United States,
 
 348 F.2d 405, 410 (5th Cir.1965) (finding defendant’s own statements at trial could provide evidence of corpus delicti because "requirement of corroboration does not apply to infra-judicial statements made by the accused”);
 
 Manning v. United States,
 
 215 F.2d 945, 950 (10th Cir.1954) ("The rule requiring a confession to be corroborated by proof of the 'corpus delicti’ has no application to infra-judicial confessions.”);
 
 People v. Ditson,
 
 57 Cal.2d 415, 20 Cal.Rptr. 165, 369 P.2d 714, 731 (1962) ("It is ... elementary and unquestioned that a defendant who chooses to testify is just as competent to establish the corpus delicti as any other witness.”);
 
 State v. Staat,
 
 251 Mont. 1, 822 P.2d 643, 647 (1991) (prosecution not required to provide independent evidence of corpus delicti at trial to corroborate defendant's “judicial confession,” admissions he had made in court at suppression hearing);
 
 Salazar v. State,
 
 86 S.W.3d 640, 645 n. 18 (Tex.Crim.App.2002) ("[I]n-court ‘judicial’ confessionfs] need not be corroborated.”);
 
 Alvarez v. State,
 
 374 S.W.2d 890, 891 (Tex.Crim.App.1964) ("The testimony of appellant from the witness stand is a judicial confession and as such needs no corroboration.”);
 
 State v. Liles-Heide, 94
 
 Wash.App. 569, 970 P.2d 349, 351 (1999) (defendant’s testimony at trial established corpus delicti for purposes of conviction for driving under the influence of alcohol).