# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01068-COA

CHRISTOPHER MCNULTY A/K/A "BIG HURT"           APPELLANT
A/K/A CHRISTOPHER L. MCNULTY

v.

STATE OF MISSISSIPPI                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2012 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH A. FERNALD JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DEE BATES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF THE UNLAWFUL SALE OF AT LEAST ONE-TENTH BUT LESS THAN TWO GRAMS OF COCAINE AND SENTENCED AS A HABITUAL OFFENDER TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $25,000 FINE |
| DISPOSITION: | AFFIRMED - 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. On June 11, 2012, Christopher McNulty was convicted by a jury in the Lincoln County Circuit Court of the unlawful sale of at least one-tenth but less than two grams of cocaine. He was sentenced, as a habitual offender, to thirty years in the custody of the

Mississippi Department of Corrections (MDOC). McNulty filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The motion was denied. McNulty appeals. Finding no error, we affirm the circuit court's judgment.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. On February 9, 2009, McNulty was indicted for the sale of at least one-tenth but less than two grams of cocaine. The indictment followed a controlled buy set up by law enforcement officials where a confidential informant met with McNulty and received the substance from him. The interaction was videotaped. McNulty ultimately reached an agreement with the State, which offered to amend the indictment to the lesser-included offense of unlawful possession of more than one-tenth but less than two grams of cocaine.

¶3. The State filed a motion to amend the indictment to include the lesser-included offense of possession on April 16, 2012. The circuit court granted the motion. A plea hearing was held on the same day. During the plea colloquy, the circuit court discovered that McNulty was currently serving probation for automobile burglary. Subsequently, the circuit court was not willing to follow the State's recommendation. The State had not been aware of McNulty's prior felony conviction and stated that, had it been aware, the recommendation would not have been made.

¶4. As such, the circuit court allowed McNulty to withdraw his guilty plea and the State to withdraw the motion to amend the indictment. The case was then continued. On May 24, 2012, the State filed a motion to amend the indictment to reflect McNulty's habitual-offender status. The motion was granted. A jury trial was held from June 4 through June 6, 2012, pursuant to the original indictment charging McNulty with the unlawful sale of cocaine. At

2

the conclusion of the State's case-in-chief, McNulty moved to dismiss, arguing that the State had failed to establish a prima facie case. The motion was denied, and the defense rested. The jury returned a verdict finding McNulty guilty of the unlawful sale of at least one-tenth but less than two grams of cocaine.

¶5. Following the jury's verdict, the State moved to amend the indictment. The defense argued that the amended indictment charging McNulty with possession of cocaine was still in effect and the circuit court could not sentence him outside of the maximum penalty for possession. The circuit court concluded that, following the plea hearing, the original indictment was reinstated when McNulty was allowed to withdraw his guilty plea. In reaching this conclusion, the circuit court stated:

> I gave [McNulty] the option of . . . sentencing him on that date, blind, or withdrawing his guilty plea, and he chose to withdraw his guilty plea. When he did, he went forward on the original charges for which he was indicted. If there was an order that was not entered, that was simply an oversight. But there is no question. The [r]ecord should be clear that he was allowed to withdraw his guilty plea without any consequence, without it ever being brought up, with a clean state. And he did so at his own peril.

¶6. McNulty was then sentenced, as a habitual offender, to thirty years in the custody of the MDOC. On July 11, 2012, McNulty, pro se, filed a motion for a JNOV or, in the alternative, a new trial. A second motion for a JNOV or, in the alternative, a new trial was filed by counsel on behalf of McNulty on July 13, 2012. McNulty asserted that: (1) the verdict was against the overwhelming weight of the evidence; (2) the sentence as a habitual offender was excessive; and (3) the State failed to secure an order setting aside the amendment to a lesser-included offense and reinstating the original indictment. The motion was denied. Aggrieved, McNulty now appeals.

3

**DISCUSSION**

¶7. On appeal, McNulty argues that the charge for which he was convicted is not supported by the indictment in this case. He asserts that there was no substantive motion or order to amend relating back to the original indictment. Therefore, he contends that the State tried him on the wrong indictment. He maintains that his sentence is excessive because of this error. He also argues that the habitual-offender portion of the indictment is void for failure to include the words "against the peace and dignity of the State of Mississippi."

¶8. McNulty was originally indicted on the charge of unlawful sale of at least one-tenth but less than two grams of cocaine pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2013). Following an agreement with the State, the indictment was amended to reflect the lesser-included offense of unlawful possession of at least one-tenth but less than two grams of cocaine pursuant to Mississippi Code Annotated section 41-29-139. The latter amendment was withdrawn when the circuit court and the State learned at the plea hearing that McNulty had several prior convictions. The original indictment was reinstated, and the State was ultimately granted an amendment to reflect McNulty's habitual-offender status based on his prior convictions. As such, after a jury found him guilty at trial, McNulty was convicted of the unlawful sale of cocaine and sentenced to thirty years pursuant to Mississippi Code Annotated section 41-29-139 and the habitual-offender statute, Mississippi Code Annotated section 99-19-81 (Rev. 2007).

¶9. In support of his argument that he was tried pursuant to the wrong indictment, McNulty cites to this Court's decision in *Jamison v. State*, 73 So. 3d 567 (Miss. Ct. App. 2011). In *Jamison*, the defendant, Jamison, was originally charged with possessing one-tenth

4

of a gram or less of cocaine. *Id.* at 569 (¶3). During trial, Jamison admitted that, in actuality, he had possessed two to three grams of cocaine. *Id.* at (¶6). Subsequently, at the close of the evidence, the State moved to amend the indictment to increase the charge based on Jamison admitting to possessing a greater quantity of cocaine. *Id.* at (¶7). The circuit court allowed the amendment, and the jury found Jamison guilty of the increased charge. *Id.* Jamison was sentenced according to the jury's conviction and above the statutory maximum of the original charge. *Id.*

¶10. On appeal, this Court vacated Jamison's sentence because "the court-authorized amendment to the indictment increased the charged drug quantity thereby exposing Jamison to a more severe sentence than authorized by the statutory maximum in the original indictment." *Id.* at 572 (¶18). In reaching this decision, the Court pointed to Jamison's right to "be afforded due process of law and be given fair notice of the 'the nature and cause of the accusation.'" *Id.* at 570 (¶9).

¶11. The facts in *Jamison* are distinguishable from the facts in the instant case. McNulty was originally charged with the unlawful sale of cocaine. The amendment to the original indictment was conditioned on the acceptance of McNulty's guilty plea. Unlike in *Jamison*, McNulty was not exposed to a sudden increase in the charges or potential sentence available under the original indictment. At all times, McNulty was aware of the original indictment and the consequences thereof. Both the State and the circuit court acknowledged that, once McNulty's prior felony convictions were realized, they could not move forward with the amended indictment. As such, McNulty was not afforded the deal offered by the State because he chose to withdraw his guilty plea.

5

According to the Mississippi Supreme Court, if the amendment either (1) "materially alters facts which are the essence of the offense on the face of the indictment as it originally stood or" (2) "materially alters a defense to the indictment as it originally stood so as to prejudice the defendant's case," then the amendment is substantive, and approval by the grand jury is required.

*Id.* at 571 (¶11) (quoting *Spears v. State*, 942 So. 2d 772, 774 (¶6) (Miss. 2006)). The circuit court's decision to withdraw the amended indictment did not materially alter the facts or the defense of McNulty's case as it stood with the original indictment. As such, we find that McNulty's conviction was proper. Further, it is clear from the record that McNulty was afforded due process of law and given fair notice of the nature and cause of the accusation. McNulty's issues with both the jury's verdict and his sentence are without merit.

¶12. Finally, McNulty argues that the habitual-offender portion of his indictment should be stricken because the indictment did not include the words "against the peace and dignity of the State of Mississippi." McNulty raises this issue for the first time on appeal. "Issues raised for the first time on appeal are procedurally barred from review as they have not been addressed by the trial court." *Jackson v. State*, 856 So. 2d 412, 415 (¶12) (Miss. Ct. App. 2003). This Court "cannot find that a trial judge committed reversible error on a matter not brought before him to consider." *Id.* As such, we are barred from reviewing this issue. The circuit court's judgment is affirmed.

¶13. **THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF THE UNLAWFUL SALE OF AT LEAST ONE-TENTH BUT LESS THAN TWO GRAMS OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $25,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON,**

**MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**